M’Girk, C. J.,
delivered the opinion of the Court.
This was an application for a rule for a mandamus to the Circuit Court, to reinstate ¡a cause by that Court dismissed, or show cause why it did not do so.
The case appears to he, that an action of trespass Was commenced before a Justice of the Peace, wherein the plaintiff demanded in his petition forty dollars for damages ; a jury was called and they assessed the damages of the plaintiff to fifty cents, on Which there was a judgment, and an appeal by the defendant to the Circuit Court} and that appeal was, by that Court, dismissed, on the ground that the sum found by the jury should be the criterion of the party’s right to appeal} and not the sum demanded by the plaintiff on petition.
Whether the Court did right in dismissing the' appeal, depends on a proper construction of the twelfth section of the law respecting small debts, as digested by Mr. Geyer.
The law, after providing for a jury trial, as Was had in this case, says that on the verdict of the jury, the Justice shall enter judgment. Then it says, “which said judgment, so had and obtained, when the demand in question shall not exceed twenty dollars, shall be final and conclusive on both parties,” &c. Here the lav/ malíes a distinction between the judgment entered and the demand j for it says, in effect, the judgment, whatever it may be, say one or ten dollars, shall be final, when the demand (here dropping the judgment as the criterion) in question (not the judgment entered) shall not exceed $20.
. It is not to be resisted, that the idea of the Legislature was to regulate the right of appeal by the quantity of money claimed by the plaintiff} and this right of appeal belongs'to both parties when the sum for which suit is brought exceeds twenty dollars.
Let the rule go.
*254 Pettibone, J.
In this case, I am of opinion, the rule is premature, till an application has been made to the Circuit Court to reinstate the cause, and refused; but as the other two Judges think otherwise, I join in deciding the principle contained in the above opinion.